FILED

05/30/2017

Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 21, 2017

**STATE OF TENNESSEE v. SCOTTIE R. BUCKLES**

**Appeal from the Circuit Court for Sullivan County**
**Nos. S53994, S64790, S64791, S64792, S65165, S65164, S65426, S65061, S65362,**
**S64789      R. Jerry Beck, Judge**

_____

**No. E2016-01645-CCA-R3-CD**

_____

Defendant, Scottie R. Buckles, pled guilty in ten separate cases to a total of sixty-three separate offenses for which he received an effective sentence of fifteen years as a Range II, multiple offender. The trial court denied alternative sentencing after a hearing. Defendant appeals the denial of alternative sentencing on the basis that the trial court failed to consider whether Defendant should be sentenced under the special needs provision of the Community Corrections Act. After a review, we determine that the trial court did not abuse its discretion. Accordingly, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. ROSS DYER, JJ., joined.

Jordan C. Pennington, Bristol, Virginia, for the appellant, Scottie R. Buckles.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Andrea N. Black, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Between June of 2015 and October of 2015, the Sullivan County Grand Jury charged Defendant in ten separate cases with sixty-three different offenses, including: eight counts of aggravated burglary; two counts burglary; five counts of theft of property valued at $1000 or more but less than $10,000; one count of theft of property valued at

$10,000 or more but less than $60,000; two counts of forgery; fourteen counts of theft of property valued at $500 or less; fifteen counts of identity theft; three counts of vandalism under $500; and thirteen counts of fraudulent use of a credit card. Defendant eventually pled guilty to all sixty-three counts, with the aggravated burglary offenses and theft of property valued at $10,000 or more being reduced to the lesser-included offenses of burglary and theft of property valued at $1000.

Without attempting to minimize the effect of the crimes on the individual victims, we choose not to discuss the individual facts and circumstance of each offense because the circumstances of the offenses are not necessarily relevant to the issues on appeal. We note that Defendant agreed to the factual basis for the plea agreement at the hearing wherein the State relied on affidavits of complaint and case summaries to form the basis for the guilty pleas. From our review of the record, it appears that Defendant often targeted people with whom he had an existing relationship and exploited his knowledge of them in order to steal things like checks, bank cards, jewelry, and electronics.

The plea agreement specified that Defendant would receive an effective sentence of fifteen years as a Range II, multiple offender. Defendant received five years for each burglary conviction; five years for each conviction for theft of property valued over $1000 but less than $10,000; five years for each conviction of identity theft; two years for each conviction of forgery; and eleven months and twenty-nine days for each conviction of vandalism under $500, theft of property under $500, and fraudulent use of a credit card. Within each individual case number, the trial court ordered the sentences to run concurrently to each other, for an effective sentence of five years for each case number. However, the trial court ordered the sentences in three cases to run consecutively, for a total effective sentence of fifteen years for the current convictions. Additionally, these sentences were ordered to be served consecutively to a ten-year sentence from a prior conviction, for which the trial court revoked Defendant's probation.[1] Including the revocation of probation, Defendant's effective sentence became twenty-five years. Defendant sought alternative sentencing.

At the hearing on alternative sentencing, the trial court commented that Defendant pled guilty to "multiple, multiple offenses" with a total effective sentence of fifteen years as a Range II, multiple offender. Because Defendant had so many prior offenses, the trial court deemed it "very cumbersome to read them all," and at one point commented on the need to "get energized for this [case]." The trial court noted that the offenses in this case were "nonviolent felonies" and misdemeanors, that Defendant's prior convictions were also "nonviolent," and that Defendant attended two-and-a-half years of college and

_____

[1] In the fall of 2007, Defendant pled guilty to three counts of identity theft, three counts of forgery, and three counts of theft of property valued at $500 or less in case number S53994. Defendant does not challenge the revocation of probation in this appeal.

served for six years in the military. However, the trial court noted that Defendant used marijuana as his "drug of choice" and started using cocaine when he was twenty-five years of age. The trial court noted that Defendant assisted the police in the investigation and owed restitution to the victims in the amount of $13,177. The trial court noted that it was "required to consider that . . . the special needs and other things that can be accomplished in a residential community corrections program." The trial court ultimately denied alternative sentencing, specifically finding:

> The Defendant has favorable factors, particularly his service in the United States Armed Services with an honorable discharge. The [c]ourt is also – and I recognize that – required to consider community corrections. And I recognize we have a community corrections center in Kingsport here called the John R. Hay House which is designed for drug abuse. And I recognize the Defendant has a serious problem with drug abuse.

> Notwithstanding that, the [c]ourt, upon review of the Defendant's prior record, it is refrigerator size class. Then he has the new offenses that are refrigerator class. And when I say that, numerous convictions is what I mean by "refrigerator class."

> He is a Range 2 offender on what I'm addressing now. . . .

> He received evidently some favor from the State in being allowed to plead as a Range 2 offender. He has gone through some drug programs, although they were limited.

> The [c]ourt's required to weigh the favorable factors against unfavorable factors. Court's required to consider community corrections.

> But I do not believe this would be a favorable – wise for the [c]ourt to enter into a community corrections sentence and will deny that request.

> Considering the Defendant's prior record and his most recent record where I've just sentenced him on, I'm going to deny community corrections. I'm going to deny probation or alternative sentencing of any kind. He'll be required to serve his sentence.

As noted above, the trial court ordered Defendant's sentence to run consecutively to the ten-year sentence for the violation of probation in case number S53994, for a total effective sentence of twenty-five years.

Defendant filed a timely notice of appeal.

*Analysis*

Defendant argues that the trial court erred in denying an alternative sentence. Defendant complains on appeal that the trial court did not consider his drug and substance abuse, the availability of treatment in the community, or his potential for rehabilitation, urging this Court to remand for reconsideration in light of the trial court's shortcomings. The State disagrees.

The standard of review for questions related to probation or any other alternative sentence, including community corrections, is an abuse of discretion with a presumption of reasonableness for within-range sentences reflecting a decision based upon the principles and purposes of sentencing. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). This Court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *State v. Bise*, 380 S.W.3d 682, 709-10 (Tenn. 2012). Moreover, under those circumstances, we may not disturb the sentence even if we had preferred a different result. *See State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008). The party appealing the sentence has the burden of demonstrating its impropriety. T.C.A. § 40-35-401, Sent'g Comm'n Cmts.; *see also State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

A trial court considers the following factors when determining the sentence for a criminal conviction: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. *See* T.C.A. §§ 40-35-102,-103,-210; *see also Bise*, 380 S.W.3d at 697-98.

Tennessee Code Annotated section 40-35-102(3)(C) provides that "[p]unishment shall be imposed to prevent crime and promote respect for the law by . . . [e]ncouraging effective rehabilitation of those defendants, where reasonably feasible, by promoting the use of alternative sentencing and correctional programs that elicit voluntary cooperation of defendants[.]" Tennessee Code Annotated section 40-35-104(c)(9) authorizes a "sentence to a community based alternative to incarceration." Additionally, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed," and "[t]he length of a term of probation may reflect the length of a treatment or

rehabilitation program in which participation is a condition of the sentence[.]" T.C.A. § 40-35-103(5).

A defendant is eligible for probation if the sentence imposed is ten years or less. T.C.A. § 40-35-303(a). Although "probation shall be automatically considered by the court as a sentencing alternative for eligible defendants," the defendant bears the burden of "establishing suitability" for probation. T.C.A. § 40-35-303(b). "This burden includes demonstrating that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)). A defendant who is sentenced as an especially mitigated or standard offender and who has committed a Class C, D, or E felony should be "considered as a favorable candidate for alternative sentencing options," if certain conditions are met. T.C.A. § 40-35-102(5), (6)(A). The guidelines regarding favorable candidates are advisory. T.C.A. § 40-35-102(6)(D). In this case, Defendant was convicted of a multiple Class D and E felonies as well as several misdemeanors, and was not convicted of any of the offenses listed in the statute that would render him ineligible for an alternative sentence. However, Defendant is a Range II, multiple offender. Therefore, Defendant was statutorily eligible but not considered a favorable candidate for alternative sentencing.

Tennessee Code Annotated section 40-35-103(1) dictates that sentences involving confinement be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Additionally, the sentence imposed "should be no greater than that deserved for the offense committed" and also "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. § 40-35-103(2), (4).

The "special needs" provision referred to by Defendant provides that a defendant who is a felony offender and would otherwise be unfit for probation due to a history of drug or alcohol abuse or mental health problems and "whose special needs are treatable and could be served best in the community rather than in a correctional institution" may be eligible for community corrections. T.C.A. § 40-36-106(c); *see also State v. Boston*,

938 S.W.2d 435, 437 (Tenn. Crim. App. 1996). Before placing a defendant in such a program, the trial court must make the following findings: (1) the offender has a history of chronic alcohol or drug abuse or mental health problems; (2) these factors were reasonably related to and contributed to the offender's criminal conduct; (3) the identifiable special need (or needs) are treatable; and (4) the treatment of the special need could be served best in the community rather than in a correctional institution. *Boston*, 938 S.W.2d at 439. However, to be eligible for community corrections under the "special needs" provision, the defendant must be ineligible for punishment under the traditional community corrections provision. T.C.A. § 40-36-106(a), (c).

In the present case, Defendant would be eligible for traditional community corrections because he otherwise would be incarcerated in a correctional institution; stands convicted of property related, nonviolent felony offenses; did not possess or use a weapon; and does not have a past pattern or behavior of violence. *See* T.C.A. § 40-36-106(a)(1). Additionally, the trial court fully considered and discussed Defendant's "serious problem with drug abuse" but denied any alternative sentence because of Defendant's numerous convictions that the trial court referred to as "refrigerator class." We disagree with Defendant's characterization that these comments by the trial court fail to amount to consideration of placement under the special needs provision. To the contrary, the trial court considered the sentencing purposes and principles and addressed Defendant's drug problem and his innumerable convictions for various property and theft offenses before determining that he would be best served by a sentence of incarceration. His criminal history, which spans over ten pages in the presentence report (not including the sixty-three criminal convictions resulting in the matters before the Court), amply support the trial court's ukase that Defendant's prior record fits the "refrigerator size class." Defendant has failed to establish an abuse of discretion or otherwise overcome the presumption of reasonableness afforded to the trial court's denial of alternative sentencing. Defendant is not entitled to relief.

_____
TIMOTHY L. EASTER, JUDGE